UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENT BELL,** | Civil Action No. 24-6504 (SDW) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **JUDGE FRANCIS A. MCGROGAN, et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about May 28, 2024, Plaintiff Kent Bell, a prisoner incarcerated in Maryland Correctional Institution, Hagerstown, Maryland, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 for damages and declaratory relief (ECF No. 1), and an application to proceed without prepayment of the filing fee ("IFP Application") under 28 U.S.C. § 1915(a). The Court administratively terminated the matter because the IFP application was not properly completed. (ECF No. 2).

2. On August 14, 2024, Plaintiff submitted an IFP application, which establishes his financial eligibility to proceed without prepayment of the filing fee (ECF No. 3), and will be granted.

3. When a plaintiff is granted IFP status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that

1

for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants named in the complaint are Judge Francis A. McGrogan, a New Jersey Superior Court Judge, and Chief Judge Thomas W. Sumners, Jr. of the New Jersey Superior Court, Appellate Division. (ECF No. 1).[1] Plaintiff alleges Judge McGrogan illegally sentenced him by ignoring his mental health and racially discriminating against him, and then served as his post-conviction court judge, despite having a conflict of interest. Plaintiff alleges Chief Judge Sumners, Jr. denied Plaintiff his right to appear at his resentencing and ignored his mental health on post-conviction appeal.

6. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). There are only two exceptions to absolute judicial immunity: (1) actions not taken in the judge's judicial capacity; and (2) judicial actions taken in the absence of jurisdiction. *Id.* (citations omitted). Neither circumstance is alleged here.

---

[1] The Court will direct the Clerk of Court to administratively terminate "Warden" and "the Attorney General of the State of New Jersey" from the docket, because they are not named as defendants in this civil rights action, and Plaintiff is not seeking habeas relief.

7. For these reasons, the Court will dismiss the complaint with prejudice because the defendants are immune from suit.

An appropriate Order follows.

DATE: \_\_\_\_\_October 2\_\_, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge